**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4283**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

DESMOND LAMONT GARRETT,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.   Louise W. Flanagan,
Chief District Judge.  (5:08-cr-00175-FL-1)

Submitted:  March 30, 2010          Decided:  June 4, 2010

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Robert J. McAfee, MCAFEE LAW, P.A., New Bern, North Carolina,
for Appellant.   George E. B. Holding, United States Attorney,
Anne M. Hayes, Jennifer P. May-Parker, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Desmond Lamont Garrett pled guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d) (2006), and was sentenced to a term of 150 months imprisonment, which was an upward departure from the guideline range pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2008). Garrett appeals his sentence, contending that the departure resulted in an unreasonable sentence. He also seeks to challenge the district court's enhancement of his offense level for physical restraint of a person during the robbery and for use of a minor in the commission of the robbery. USSG §§ 2B3.1(b)(4)(B), 3B1.4. The government asserts that these claims should be dismissed because, under the terms of his plea agreement, Garrett waived the right to raise on appeal any issues relating to the establishment of the advisory guideline range. We affirm in part and dismiss in part.

Before Garrett was sentenced, the government moved for an upward departure under § 4A1.3(a)(1), arguing that category III seriously under-represented the seriousness of Garrett's criminal history or the likelihood that he would commit further crimes. Information in the presentence report disclosed that Garrett had a prior federal conviction for armed bank robbery. While serving his sentence, he incurred fifty-five disciplinary infractions, including multiple infractions for each of the

2

following: possession of a dangerous weapon; threatening bodily injury; assault without serious injury; interfering with security devices; refusing to obey an order; refusing to take a drug test; destruction of property; setting fires; and possession of intoxicants. Within six months of his release, while he was on supervised release, Garrett committed the instant offense, another armed bank robbery.

At sentencing, the district court adopted the probation officer's recommendation for a total offense level of 29, which included increases for physical restraint of several victims during the robbery and for use of a minor as an accomplice. Garrett had six criminal history points, which placed him in criminal history category III. The advisory guideline range was 97-121 months. The court decided that a departure was justified because a sentence within the guideline range was insufficient to protect the public, given Garrett's high likelihood of recidivism. The court focused on Garrett's prior federal conviction for armed bank robbery, the fifty-five infractions he incurred while serving his prior sentence, many of which the court found were for "prior similar conduct," and the relatively short time he spent on supervised release before he committed the instant offense. The court also decided that Garrett was in need of mental health treatment and intensive drug treatment. The court determined that a departure to

3

category IV would be insufficient, and departed to category V, which yielded a guideline range of 130-162 months. The court selected a mid-range sentence of 150 months.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. We first determine whether the district court properly calculated the defendant's advisory guideline range, considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Id.; see also United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). If no significant procedural error is found, we review the substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent of any variation from the Guidelines range." Gall, 552 U.S. at 51.

Garrett states that he does not dispute the extent of the departure, but contends that the district court's basis for a departure was unjustified--a procedural error. He asserts incorrectly that the court's only basis for departing was the inadequacy of his criminal history. In fact, the court relied on the need to protect the public because of the likelihood that Garrett would commit future crimes. Garrett also argues that

4

the district court's consideration of his prison infractions rendered the departure unreasonable because they are not the equivalent of crimes. However, we have previously approved the consideration of prison infractions as evidence of a likelihood of recidivism. See United States v. Heath, 559 F.3d 263, 266-67 (4th Cir.) (departure justified by evidence of defendant's "tendency toward recidivism," including prison infractions), cert. denied, 559 F.3d 263 (2009). Last, Garrett argues that the district court abused its discretion to the extent that it based the departure on his uncounted juvenile adjudications. This claim is meritless because the district court did not rely on Garrett's juvenile record when it explained the basis for the departure.

Garrett also contends that the district court failed to correctly calculate his guideline range. However, Garrett is foreclosed from raising this issue because, under the terms of his plea agreement, he waived his right to appeal "any issues that relate to the establishment of the advisory Guideline range," reserving only the right to appeal a sentence above the guideline range. In this appeal, Garrett does not attempt to argue that the waiver is not enforceable; indeed, he does not address the waiver at all. Our review of the record discloses that the waiver was knowing and intelligent, and is thus enforceable.

We conclude that Garrett has not identified any significant procedural error. The court did not select the sentence based on clearly erroneous facts or improper criteria and it considered the § 3553(a) factors, in particular the need to protect the public, but also the nature and circumstances of the offense and the need to provide Garrett with needed medical care. The court considered whether a sentence within criminal history category IV would be adequate and decided that it would not. Taking into account the totality of the circumstances and giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," Gall, 522 U.S. at 51, we are satisfied that the sentence was not substantively unreasonable. Therefore, the district court did not abuse its discretion in sentencing Garrett.

We therefore affirm the sentence imposed by the district court. We dismiss that portion of the appeal in which Garrett challenges the district court's calculation of the guideline range. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART